IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AARON CONSULTING COMPANY, LLC. d/b/a IBIDMOBILE.NET, <br><br>  Plaintiff, <br><br> v. <br><br> SNAP SOLUTIONS LLC d/b/a events.org, iBid, and ibid.com , and DAVID HASSAN, <br><br>  Defendants. | CIVIL ACTION NO.: <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff AARON CONSULTING COMPANY, LLC. d/b/a IBIDMOBILE.NET files this First Amended Complaint against Defendants SNAP SOLUTIONS LLC d/b/a events.org, iBid, and ibid.com, and DAVID HASSAN, alleging as follows:

### THE PARTIES

1.  Plaintiff AARON CONSULTING COMPANY, LLC. d/b/a IBIDMOBILE.NET ("Plaintiff") is a New York corporation with a principal place of business located at 377 Fifth Street, Brooklyn, New York, 11215.

2.  Upon information and belief, SNAP SOLUTIONS LLC ("SNAP") is a limited liability corporation that operates and maintains events.org, iBid, and ibid.com with its principal place of business located at 118 N. Clinton Avenue, Chicago, IL 60661.

3.  Upon information and belief, David Hassan ("Hassan") is the owner and corporate officer of SNAP and resides at 118 N. Clinton Avenue, Chicago, IL 60661.

### JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 in accordance with 15 U.S.C 1121 and 28 U.S.C. 1338 and 1367 because

1

the action involves claims arising under the Lanham Act and related claims under New York Statutes and Common Law.

5.      Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiff is domiciled in New York and the Defendant is a Delaware corporation with its principal place of business in Illinois, and because the amount in controversy exceeds $75,000.00.

6.      Although the Defendant SNAP is a Delaware corporation, Defendant SNAP purposefully solicits customers in New York and other states through its websites (events.org and ibid.com). Defendant SNAP directly advertises New York based events to New York customers through its website (events.org and ibid.com) and other means.

7.      For these reasons, personal and diversity jurisdiction exist and venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## NATURE OF ACTION

8.      In this action, Plaintiff seeks an injunction and damages based upon Defendants continued use and advertisement of a mark that is substantively and confusingly similar to a mark used by Plaintiff in commerce, infringing upon Plaintiff's common-law trademark rights and causing considerable consumer confusion.

9.      Defendants' actions have caused severe damage to Plaintiff's long-standing and meticulously cultivated reputation and violated Federal and State Law.  Specifically, Defendants' continued use of the name "www.ibid.co" is substantively and confusingly similar to Plaintiff's name "ibidmobile.net".

## RELEVANT FACTS

10. Ibidmobile.net, owned and operated by Plaintiff, is a long-standing, world renowned professional wireless auction company located at 377 Fifth Street, Brooklyn, New York, 11215. Ibidmobile.net has become a fixture of professional online and mobile auction management, providing charity auction technology and services for the business of raising funds for nonprofit. Ibidmobile.net has a reputation well known and respected amongst auctioneers and patrons.

11. The domain ibmobile.net was registered by Plaintiff on May 5, 2010.

12. Plaintiff became aware of instances of ongoing consumer confusion regarding its common-law trademark of "ibidmobile.net". Specifically, Plaintiff found that Defendant consistently traded on the protected name and good will of Plaintiff in the United States and around the world, including attracting users to Defendant's website with the search term "iBid" and advertising on the website "ibid.co".

13. Defendants' ibid.co website uses the term "iBid Mobile Bidding", causing it to be displayed near Plaintiff's website "ibidmobile.net".

14. The domain ibid.co was first registered on July 20, 2010, which is subsequent to Plaintiff's May 5, 2010 registration of ibidmobile.net

15. Defendants' events.org website, where it advertises its online auction services, did not reference iBid in connection with their online auction services as of January of 2011.

16. The actions of the Defendants have resulted in repeated and damaging instances of consumer confusion and have damaged the long-held reputation of the Plaintiff resulting in both a dilution of business and the depreciation and dilution of the value of Plaintiff's name.

17. On November 4, 2016, Plaintiff's counsel, Koerner & Associates, LLC sent a cease and desist letter regarding the Defendant's infringing behavior. A copy of the cease and desist letter is attached hereto as **Exhibit A**.

18. On November 7, 2016, Defendant David Hassan, upon information and belief a corporate officer of Defendant SNAP, replied stating "we have been working under the iBid name since 2008. Two years prior to your claimed Trademark. Please stop using the iBid name asap."

19. On November 8, 2016, Plaintiff's counsel requested proof of Defendants claimed Trademark from 2008.

20. On November 28, 2016, Mr. Hassan replied by stating "we did not apply for trademark, since there were other organizations that were using the iBid name including the State of Illinois. We have invoices to customers that show the iBid Name as a service.  We will have to redact it. Please ask your customer to refrain from using the name."

21. Despite said request by Plaintiff for Defendants to refrain from using the iBid Name, Defendanst have continued the damaging and infringing behavior.

22. Plaintiff's ibidmobile.net mark has been in continuous commercial use since April 10, 2010, and has been registered with the United States Patent and Trademark Office (registration #4166969, Registration Date, July 3, 2012).

23. Attached hereto as **Exhibit B** is a copy of the Plaintiff's event log showing the dates and cities of over 450 auction events operated by the Plaintiff since April 2010. Attached hereto as **Exhibit C** is a copy of the Plaintiff's advertising flyer from April 2010. Attached hereto as **Exhibit D** is a copy of the invoice from Plaintiff's first event with the American Lung Association dated April 16, 2010. Attached hereto as **Exhibit E** are copies of the pitch letter and

4

invoice for the Plaintiff's second event with Children's Village dated May 6, 2010. Attached hereto as **Exhibit F** is a copy of the invoice from Plaintiffs most recent event with Bideawee dated May 22, 2017.

24. Defendants actively transact business in the state of New York, despite Defendants claim that it does not have connections to New York or purposely solicits New York customers.

## FIRST CLAIM FOR RELIEF

### (Trademark Dilution, 15 U.S.C §1125(c))

25. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

26. The actions of the Defendants as described herein have diluted the reputation and value of Plaintiff's well known "ibidmobile.net" common-law mark.

27. Defendants, in connection with promotion and advertising of their services and conduct of business, have used in commerce the words, terms, names, symbols, or any combination thereof related to Plaintiff's "ibidmobile.net" mark.

28. Defendants' conduct was willfully intended to tarnish the reputation and value of Plaintiff's "ibidmobile.net" mark.

29. Defendants' violations of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), have damaged Plaintiff and will continue to damage Plaintiff unless enjoined by the Court.

30. Plaintiff has suffered monetary damages as a result of Defendants' unlawful acts in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

### (Unfair Competition, 15 U.S.C §1125(a))

31. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

32. By misappropriating Plaintiff's "ibidmobile.net" mark, Defendants have misrepresented to the public that its services originate from, are connected with, or otherwise associated with Plaintiff, thereby creating confusion and/or a likelihood of confusion as to the source or sponsorship of Defendants' services.

33. Defendants' acts have been willful, deliberate and intended to benefit Defendants at Plaintiff's expense.

34. Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C §1125(a).

35. Defendants' conduct has caused and/or will cause irreparable damage to the Plaintiff if not enjoined

### THIRD CLAIM FOR RELIEF

#### (False Designation of Origin, 15 U.S.C §1125(a))

36. Plaintiff restates and realleges each and every foregoing paragraph of this Complaint as if fully set forth herein.

37. By misappropriating Plaintiff's "ibidmobile.net" mark, Defendants have misrepresented to the public that it's services originate from, are connected with, or otherwise associated with Plaintiff, thereby creating confusion and/or a likelihood of confusion as to the source or sponsorship of Defendants' services.

38. Defendants' acts have been willful, deliberate and intended to benefit Defendants at Plaintiff's expense.

39. Defendants' actions constitute a false designation of origin violation of Section 43(a) of the Lanham Act, 15 U.S.C §1125(a).

40. Defendants' conduct has caused and/or will cause irreparable damage to the Plaintiff if not enjoined

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests the following relief:

a. Judgment preliminarily and permanently enjoining Defendants, and each of its officers, partners, agents, subcontractors, servants, employees, subsidiaries, related companies or entities, and all others acting in concert with them, from using the "ibidmobile.net" mark or terms confusingly similar to the mark in commerce and in connection with Defendants' advertising, on the internet or otherwise;

b. awarding Plaintiff compensatory, actual and punitive damages to the full extent allowed by law;

c. awarding Plaintiff it's costs and attorney's fees to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

d. Awarding Plaintiff it's actual and trebled damages to the full extent provided by 15 U.S.C. §1117, in an amount to be determined at trial; and

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: New York, New York
       June 6, 2017

                KOERNER & ASSOCIATES, LLC

                */s/ Gregory Koerner, Esq.*
                Gregory O. Koerner, Esq.
                *Attorneys for Plaintiff*
                233 Broadway, Suite 2208
                New York, NY 10279
                Tel: (212) 461-4377
                Fax: (212) 453-0658

**To:**    Peter W. Smith, Esq.
        Peter W. Smith Law LLC
        *Attorneys for Defendants*
        1501 Broadway, 12th Floor
        New York, NY 10036
        Tel: (917) 830-5373
        Fax: (212) 202-5373